IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MERCHANTS BONDING COMPANY (MUTUAL)
and MERCHANTS NATIONAL BONDING, INC.                    PLAINTIFFS

V.                        CASE NO. 5:18-CV-05078

ARKANSAS CONSTRUCTION SOLUTIONS, LLC;
R.L. STOCKETT & ASSOCIATES, LLC;
RICK L. STOCKETT; and DIANA STOCKETT                    DEFENDANTS

## OPINION AND ORDER

Now before the Court is Separate Defendants R. L. Stockett & Associates, LLC, Rick L. Stockett, and Diana Stockett's (the "Stockett Defendants") Objection to Magistrate Judge's Order on Second Motion for Civil Contempt and Sanctions and Motion to Stay (Doc. 78). As the title of the Motion suggests, the Stockett Defendants seek this Court's review of an Order (Doc. 76) issued by the Honorable Erin L. Wiedemann, Chief United States Magistrate Judge for the Western District of Arkansas, regarding Plaintiff Merchants Bonding Company (Mutual) and Merchants National Bonding, Inc.'s (collectively, "Merchants") Second Motion for Sanctions and Civil Contempt (Doc. 66). Judge Wiedemann ordered the Stockett Defendants, see Doc. 49, to post collateral in the form of a cashier's check or a letter of credit by January 6, 2020, or else face a finding of contempt and the imposition of sanctions for failing to comply with the Court's February 5, 2019 Order.

Under Federal Rule of Civil Procedure 72(a), a party subject to a magistrate judge's order on a non-dispositive issue may file objections to the order, and the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." The Court has now considered the Stockett Defendants' objection and finds it to

1

be frivolous. The Stockett Defendants contend that they have already complied with the Court's February 5 Order "by offering to post collateral in the form of real property worth well in excess of $500,000.00." (Doc. 78, p. 2). However, offering to post collateral is not the same thing as posting collateral. The Stockett Defendants' personal assurances are insufficient to establish that certain tracts of real property in their possession are valued at or in excess of $500,000.00. Instead, Merchants reasonably requests a letter of credit from a bank guaranteeing the minimum value of these assets. Even though the Stockett Defendants have agreed to provide such a letter of credit, no such letter has been produced in the *ten months* since the Court ordered them to pay collateral to Merchants.

Judge Wiedemann has set deadline after deadline for the Stockett Defendants to post collateral. At every turn, the Defendants have dragged their feet, offered excuses, pointed the finger at the bank or at other entities, and generally not accepted responsibility for failing to comply with a valid court order. For whatever reason, Mr. Stockett selected Chase Bank as the financial institution to ask for a letter of credit. Over the course of several months, he attempted to apply for this letter of credit, and Chase Bank responded with requests for further documentation—which Mr. Stockett delayed in producing. In July of this year, Merchants agreed to withdraw their first Motion for Civil Contempt and Sanctions (Doc. 50) based on Mr. Stockett's assurances that he would provide all supplementary documentation required by Chase Bank and complete his application for a letter of credit by August 6, 2019. *See* Doc. 60. It appears Mr. Stockett turned in all the paperwork on time, but Chase Bank did not issue the letter of credit. Merchants did not withdraw the motion and instead filed a second Motion for Civil Contempt and Sanctions on October 3, 2019 (Doc. 66), to which the Stockett Defendants responded

2

with surprise and indignation. They questioned why Merchants would "complain and continue to harass the Stocketts" rather than simply accept that they had done their best to secure a letter of credit and leave it at that. (Doc. 68, p. 4). They observed that there seems to be "nothing the Stocketts can do to satisfy Plaintiffs," since applying for a letter of credit apparently "isn't good enough." *Id.* at p. 7. Finally, they suggested that Merchants was behaving unreasonably by "not even bother[ing] to wait for a decision from Chase Bank on whether it will grant Mr. Stockett the letter of credit—which has been the purpose of this exercise." *Id.* at p. 9.

First, the Court reminds the Stockett Defendants that their legal obligation in this case is not to *apply* for a letter of credit; it is to *obtain* a letter of credit to secure $500,000.00 of collateral or else provide $500,000.00 in the form of cash or a cashier's check. Second, the Court observes that this nearly year-long "exercise," as the Stockett Defendants put it, of requiring the Court to address Merchants' multiple motions for contempt and sanctions followed by the Stockett Defendants' excuse-laden responses and requests for more time has wasted the Court's valuable resources. Merchants is *still without its collateral* nearly a year after the Court ordered the Stockett Defendants to provide it.

Finally, the Court is aware that Mr. and Mrs. Stockett claimed on a personal statement of financial condition that they submitted both to the Court and to Chase Bank on June 7, 2019, that their net worth exceeds $17 million. If that statement is accurate, it strikes the Court that the matter of securing a letter of credit for a mere $500,000.00 of real property should not be a difficult proposition, particularly given Mr. Stockett's sworn

affidavit submitted to the Court that the real property at issue is surely "worth at least $640,000.00." (Doc. 51-1, p. 3).

**IT IS ORDERED** that the Stockett Defendants' Objection (Doc. 78) to Judge Wiedemann's Order is **OVERRULED**.

**IT IS SO ORDERED** on this 16th day of December, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE