IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MERCHANTS BONDING COMPANY (MUTUAL)
and MERCHANTS NATIONAL BONDING, INC.                        PLAINTIFFS

V.                          CASE NO. 5:18-CV-5078

ARKANSAS CONSTRUCTION SOLUTIONS,
LLC; R.L. STOCKETT AND ASSOCIATES, LLC;
RICK L. STOCKETT; and DIANA STOCKETT                        DEFENDANTS

## OPINION AND ORDER

Currently before the Court is Plaintiffs Merchants Bonding Company (Mutual) and Merchants National Bonding, Inc.'s (collectively, "Merchants") Second Motion for Civil Contempt and Sanctions (Doc. 66) against Separate Defendants R. L. Stockett & Associates, LLC, Rick L. Stockett, and Diana Stockett (the "Stockett Defendants"). The Stockett Defendants have filed a Response (Doc. 68), and Merchants has filed a Reply (Doc. 69). For the reasons detailed below, the Motion is **GRANTED**.

On February 5, 2019, the Court entered an order requiring the Stockett Defendants[1] to provide collateral to Merchants in the amount of $500,000.00. (Doc. 49). In the year since the order was entered, the Stockett Defendants have refused to post the collateral and have instead led the Court and Merchants on a merry chase, offering excuse after excuse as to why the collateral has not been paid and offering promises of future payment. The Stockett Defendants previously represented to the Court that their

---

[1] The order also applied to Separate Defendant Arkansas Construction Solutions, LLC, but Plaintiffs do not seek sanctions against this Defendant because it is insolvent. (Doc. 66, p. 1, n.1).

1

net worth exceeds $17 million; therefore, the Court has no reason to doubt that they have the financial ability to post the collateral. See Doc. 79, p. 3.

Merchants' first motion for sanctions and civil contempt was filed on April 23, 2019, a little more than two months after the Court ordered the Stockett Defendants to pay the collateral. The Court referred the first motion for sanctions to the Honorable Erin L. Wiedemann, Chief United States Magistrate Judge for the Western District of Arkansas, who proceeded to work with the parties and ascertain what was preventing the immediate payment of the collateral. Judge Wiedemann held a hearing on July 23, 2019, at which time it was understood that the Stockett Defendants would be obtaining a letter of credit from Chase Bank and immediately posting the collateral. See Doc. 60. Judge Wiedemann believed the matter had been resolved, so she deemed the first motion for sanctions and civil contempt to be withdrawn. Unfortunately, however, on August 20, 2019, Merchants advised the Court that the letter of credit had still not been received. See Doc. 61. Again, the Court referred the matter to Judge Wiedemann, and Merchants filed their Second Motion for Sanctions and Civil Contempt (Doc. 66)—which is now before the Court—on October 3, 2019. On November 25, 2019, Judge Wiedemann entered an order setting "an absolute deadline" for the Stockett Defendants to post the collateral. (Doc. 76, p. 2). That absolute deadline was January 6, 2020. Judge Wiedemann also cautioned that if the collateral were not posted by the deadline, this would result in "an immediate finding of contempt and the imposition of sanctions." Id.

On December 9, 2019, the Stockett Defendants filed an objection to Judge Wiedemann's order setting the deadline to post collateral. The Court overruled the objection on December 16, 2019. See Doc. 79. Further, the Court reiterated to the Stockett Defendants that their "legal obligation in this case is not to *apply* for a letter of

2

credit; it is to *obtain* a letter of credit to secure $500,000.00 of collateral or else provide $500,000.00 in the form of cash or a cashier's check." *Id.* at p. 3 (emphasis in original).

It appears the Court's threat of sanctions did not impress the Stockett Defendants, as no collateral was posted on the deadline of January 6. *See* Doc. 80. Nearly a month has passed since that deadline, and they have still not paid the collateral—nor have they made any effort to explain their lack of compliance to the Court. It appears, therefore, that a coercive sanction is necessary to compel compliance. As "[a] contempt order must be based on a party's failure to comply with a 'clear and specific' underlying order," *Chaganti & Assocs. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006), the Court finds that the Stockett Defendants have failed to comply with the following: (1) an order issued on February 5, 2019 (Doc. 49) (directing the Stockett Defendants "to provide collateral to Merchants in the sum of **$500,000**" (emphasis in original)); and (2) an order issued November 25, 2019 (Doc. 76) (directing the Stockett Defendants "to post the collateral in the form of a cashier's check or a letter of credit" by January 6, 2020). Both orders were clear and specific.

While an inability to comply is ordinarily a valid defense to a charge of civil contempt, here, the Stockett Defendants have failed to establish that they have been unable to comply or that they made all reasonable efforts to comply in good faith. *See Chic. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 506 (8th Cir. 2000) (citations omitted). Again, the amount of collateral in question is $500,000.00; the Stockett Defendants' net worth exceeds $17 million; and their failure to pay the collateral has lasted an entire year. The Court finds that their non-compliance has been willful and in bad faith.

3

**IT IS THEREFORE ORDERED** that the Second Motion for Civil Contempt and Sanctions (Doc. 66) is **GRANTED**. "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). Moreover, the Court possesses the inherent authority to award attorney's fees as a compensatory sanction for civil contempt, provided that such award "is limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017).

Accordingly, **IT IS FURTHER ORDERED** that **Separate Defendants R. L. Stockett & Associates, LLC, Rick L. Stockett, and Diana Stockett, along with their counsel, APPEAR IN THIS COURT ON Wednesday, February 12, 2020, at 3:00 p.m. AND SHOW CAUSE** as to why a conditional jail term should not be imposed upon **R.L. and Diana Stockett**, beginning immediately upon the conclusion of the show-cause hearing and terminating only upon full payment of the subject collateral. Separate and apart from this coercive sanction, the Stockett Defendants should also be prepared to **SHOW CAUSE** as to why Merchants should not be awarded all reasonable attorney's fees and costs incurred as a result of Merchants' effort to compel compliance with the February 5 order, beginning with the first motion for sanctions and civil contempt filed on April 23, 2019.

4

**IT IS SO ORDERED** on this 4th day of February, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

5