IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MERCHANTS BONDING COMPANY (MUTUAL)
and MERCHANTS NATIONAL BONDING, INC.                    PLAINTIFFS

V.                              CASE NO. 5:18-CV-5078

ARKANSAS CONSTRUCTION SOLUTIONS,
LLC; R.L. STOCKETT AND ASSOCIATES, LLC;
RICK L. STOCKETT; and DIANA STOCKETT                    DEFENDANTS

### ORDER ON ATTORNEYS' FEES AS MONETARY SANCTION

On February 4, 2020, the Court issued an Order (Doc. 81) granting Plaintiffs Merchants Bonding Company (Mutual) and Merchants National Bonding, Inc.'s (collectively, "Merchants") second motion for civil contempt and sanctions against Defendants R.L. Stockett and Associates, LLC, Rick L. Stockett, and Diana Stockett (collectively, "the Stockett Defendants"). Shortly thereafter on February 12, the Court held a show-cause hearing during which Mr. Rick L. Stockett and his counsel appeared in person and Mrs. Diana Stockett appeared by telephone.

From the bench at the conclusion of the hearing, the Court found the Stockett Defendants in contempt of the Court's prior orders due to their willful and deliberate refusal to pay collateral to Merchants in the amount of $500,000.00. The Court also found that "[t]he Stockett Defendants intentionally delayed these proceedings and defied Court orders, which caused Merchants to expend time and resources in moving for sanctions and required the Court to devote time and resources to resolving the matter." (Doc. 83, p. 2). Accordingly, the Stockett Defendants were jointly ordered to pay a civil monetary sanction in the form of the reasonable attorneys' fees and costs that Merchants had incurred in preparing and litigating the second motion for civil contempt and sanctions

1

(Doc. 66). The Court clarified during the show-cause hearing that Merchants' request for fees could also include time spent drafting its motion to supplement the first motion for sanctions (Doc. 61). See Doc. 83, p. 4.

On February 28, 2020, Merchants filed a Motion for Attorneys' Fees (Doc. 85) along with an itemized billing statement (Doc. 85-1). The Stockett Defendants filed a Response in Opposition (Doc. 86), and Merchants filed a Reply (Doc. 87). Later, the Court ordered Merchants to supplement its request for fees with biographies of all timekeepers listed in the bills. See Doc. 88. Merchants complied with the Court's Order by filling a Supplement to the Motion (Doc. 89), and the Stockett Defendants filed a Response in Opposition to the Supplement (Doc. 90).

The Court' prior Orders (Docs. 81 & 83) justify in detail why the Stockett Defendants were ordered to pay Merchants' reasonable attorneys' fees and costs. The Court's only task at present is to review Merchants' counsel's bills and determine whether they are reasonable in light of the following factors, which are set forth in *Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717, 718–19 (Ark. 1990) (cited with approval by *All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 520–21 (8th Cir. 2009)):

> the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

The Court begins its analysis by considering the experience and ability of Merchants' attorney of record, Mr. Ryan Dry. The Court is well persuaded that Mr. Dry is an able attorney and that his standard billing rate of $250.00 per hour is reasonable for

2

the Northwest Arkansas legal market, given his experience. Mr. Dry's partner, Mr. David J. Krebs, billed a small amount of time to this case during the relevant period. Mr. Krebs, who is not an attorney of record, has been practicing law for 38 years and charges a reasonable rate of $265.00 per hour. Mr. Dry's and Mr. Krebs's associates are Mr. Stephen L. Baker, Mr. Steven K. Cannon, and Mr. Bryan A. Badeaux. These associates, who are not attorneys of record, bill at a rate of $215.00 per hour, which the Court finds reasonable, given the fact that Mr. Baker has been practicing law for over twelve years, Mr. Cannon has been practicing law for six years, and Mr. Badeaux has been practicing law for seven years. Finally, Mr. Dry's paralegal is Ms. Kendel A. Haley.[1] She has been working as a paralegal for ten years, and she obtained a law degree from Texas Wesleyan Law School. Though Ms. Haley's legal qualifications are impressive, the Court finds that her hourly billing rate of $120.00 per hour is still too high for the Northwest Arkansas legal market, and the Court will reduce her billing rate to $65.00 per hour.

Next, the Court considers the reasonableness of the individual time entries billed by each timekeeper, keeping in mind the novelty or difficulty of each task. The Stockett Defendants have objected to various discrete time entries as excessive, but the Court has reviewed them all in detail and finds those time entries—both individually and cumulatively—to be reasonable, given the circumstances. The Stockett Defendants also objected to Merchants' request for reimbursement of "unknown and undescribed expenses of $2,008.55." (Doc. 90, p. 3). Contrary to the Stockett Defendants' assertion, these expenses are for airfare, rental cars, and meals related to Merchants' counsel's

---

[1] Contrary to the Stockett Defendants' assertions in their Response to the Supplement (Doc. 90, p. 2), the work of paralegals is ordinarily compensable under an award of attorneys' fees. *Missouri v. Jenkins,* 491 U.S. 274, 284–89 (1989).

appearances at hearings before the undersigned and before Magistrate Judge Erin L. Wiedemann. *See* Doc. 85-2, pp. 12 & 34. The reimbursement of these reasonable costs will be included in the Court's award of monetary sanctions.

Considering the Court's findings above, Merchants' demand of $21,008.05 will be reduced to reflect the appropriate billing rate for paralegal Kendel A. Haley. Ms. Haley originally billed 17.5 hours at a rate of $120.00 per hour, for a total of $2,100.00 in fees. The Court has adjusted Ms. Haley's rate down to $65.00 per hour. Accordingly, 17.5 hours of time billed at a rate of $65.00 per hour yields $1,137.50 in fees. The difference between Ms. Haley's original bill and the amount approved by the Court is $962.50; accordingly, this amount will be deducted from Merchants' total demand.

**IT IS THEREFORE ORDERED** that Merchants' Motion for Attorneys' Fees (Doc. 85) is **GRANTED IN PART AND DENIED IN PART** as follows: A total of **$20,045.55** in fees and costs is approved by the Court and ordered immediately due and payable to Merchants by the Stockett Defendants, jointly and severally, as a civil sanction for their willful misconduct in this case.

**IT IS SO ORDERED** on this 17th day of April, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE